**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **CHARLES WEINACKER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-00314** |
| | ) | |
| **WAHL CLIPPER CORPORATION,** | ) | **DEFENDANT'S MOTION TO** |
| | ) | **DISMISS AMENDED COMPLAINT** |
| **Defendant.** | ) | **AND INCORPORATED BRIEF IN** |
| | | **SUPPORT** |

COMES NOW, Defendant Wahl Clipper Corporation ("Wahl"), through its undersigned counsel and pursuant to Rules 8, 12(b)(1) & (6), Federal Rules of Civil Procedure and Civil L.R. 7(b), hereby moves to dismiss Plaintiff's Amended Complaint (Doc. 22) and submits the following memorandum of law in support.

## INTRODUCTION AND PROCEDURAL HISTORY

On August 12, 2022, Plaintiff filed an eight-count complaint against Wahl, a 100 year-old, industry-leading manufacturer of consumer care and animal grooming products available in 165 countries around the world, claiming that Wahl violated his trademark (and other ill-defined intellectual property) rights by using the phrase "Pet Friendly" in connection with the sale of undefined pet products. (*See* Doc. 1). Wahl timely moved to dismiss.  (*See* Doc. 9 & 9-1). Just days before the hearing on Wahl's Motion to Dismiss, Plaintiff abruptly moved to amend his Complaint. (*See* Doc. 17). In light of Plaintiff's (albeit deficient) motion, on November 28, 2022 the Court cancelled the hearing and directed Plaintiff to refile his motion in compliance with Local Rule 15(b), which Plaintiff did on December 2, 2022. (*See* Doc. 19). On December 7, the Court granted Plaintiff leave to amend and Plaintiff filed his Amended Complaint on December 13, 2022. (*See* Doc. 22 the "Amended Complaint").

In his Amended Complaint, Plaintiff claims he has brought this action against Wahl "for trademark counterfeiting, infringement, dilution, false advertising, and for violations of common law and related causes of action brought pursuant to the Lanham Trademark Act 15 U.S.C. § 1051 et seq." Doc. 22 ¶ 3. More accurately, however, Plaintiff's Amended Complaint posits the same faulty premise and asserts the same eight (8) defective causes of action as those appearing in his first Complaint (Doc. 1), specifically: (Count I) infringement of a federally registered trademark; (Count II) common law trademark infringement; (Count III) trademark dilution; (Count IV) contributory/vicariously [sic] trademark infringement; (Count V) reputational damage; (Count VI) copyright infringement; (Count VII) false designation and unfair competition, and, (Count VIII) unjust enrichment. In short, Plaintiff claims (erroneously) that he holds the exclusive right to use the phrase "Pet Friendly."[1]

Aside from amending the error relating to pleading personal jurisdiction, Plaintiff has failed to cure any of the fatal defects that plagued his initial Complaint. Instead, Plaintiff simply recasts – once again in an impermissible shotgun and wholly conclusory fashion - conflated legal theories and claims he knows are invalid, remain unsupported, or are outright contradicted by his own statements, evidentiary submissions, and court precedent. Plaintiff's efforts to plead around dismissal are as transparent as they are unavailing. For example, Plaintiff resorts to defining himself as "Pet Friendly" (Doc. 1 ¶ 1), despite the fact that "Pet Friendly" has not been the name of his company since 2009.[2]  Plaintiff continues to claim that he owns a federal registration for the

---

[1] In this regard, Wahl appears to be merely the latest target in Plaintiff's vexatious effort to assert non-existent rights. *See e.g.*, *Weinacker v. Shaddy et al.*, Case No. 1:22-cv-00028-TFM-MU currently pending before this Court. *See also*, Wahl's Request for Judicial Notice being filed concurrently with this motion (hereinafter the "Request for Judicial Notice").

[2] *See* Alabama Business Entity Records for Entity ID Number 000-149-723, reflecting that Pet Friendly, Inc. changed its name to Xena Express, Inc. on February 9, 2009, which later that year

mark PET FRIENDLY despite *knowing* that such a claim is false. Indeed, Plaintiff <u>has admitted</u> <u>as much,</u> and this Court has already concluded that he does not.[3] Nor has he <u>ever</u> owned such a registration.[4] Instead of alleging actual facts in support of his claims (as required by the rule), the Amended Complaint relies exclusively on implicit references to this now irrelevant and inapposite registration history. Distilled to their essence, all of Plaintiff's allegations about his purported trademark rights derive from this undeniably repugnant contention, and all of his ancillary claims necessarily depend upon intellectual property rights that he has again failed to show exist.

Consequently, none of the eight (8) counts comprising the Amended Complaint state a cause of action upon which relief can be granted. Count I should be dismissed because Plaintiff has failed to show (and cannot show) that he holds any valid registrations. Count II should be dismissed because Plaintiff has failed to adequately demonstrate that he holds any enforceable common law trademark rights in the phrase "Pet Friendly." Count III for trademark dilution should be dismissed because Plaintiff has not shown, and indeed cannot show under these circumstances, that his alleged mark is famous. Count IV should be dismissed because, despite now having had two attempts to demonstrate otherwise, it is clear that these circumstances do not and will never support a claim for contributory or vicarious infringement against Wahl. Count V seeking relief for "reputational damage" is not only inadequately pled but also seemingly redundant of other

---

filed for bankruptcy (S.D. Ala. Bankr. Case No. 09-14817). In ruling on a motion to dismiss, courts can consider matters subject to judicial notice. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

[3] *See Weinacker v. Shaddy*, Case No. 1:22-cv-00028-TFM-MU, at (Doc. 20) the Honorable Magistrate Judge Bradley Murray's *Report and Recommendation* at PageID #: 252-252.

[4] *See* Wahl's Brief in Support of Motion to Dismiss (Doc. 9-1) at PageID #: 44, and the expired Registrations attached to Plaintiff's Complaint (Doc. 1) as Exhibit C reflecting that they were held by Pet Friendly, Inc., not by Plaintiff individually.

deficient claims, and should therefore be dismissed. Count VI should be dismissed because Plaintiff has once again failed to show he holds a valid copyright registration (and it is now abundantly clear that he does not own one applicable to these circumstances). Count VII fails because Plaintiff cannot adequately state a claim for false designation or unfair competition under 15 U.S.C. § 1125 given that Plaintiff fails to establish he owns a protectable trademark. Finally, Plaintiff's claim for unjust enrichment also fails because he cannot state a cause of action for infringement or cite to, let alone meet, the standard required by 15 U.S.C. § 1125, and is otherwise preempted by any alleged claim under the Copyright Act, 17 U.S.C. § 301.

Not only should the foregoing claims be dismissed, but Wahl should be awarded its attorneys' fees and costs as a result of Plaintiff's propensity for being vexatious and continuing to assert claims he knows are frivolous and completely lacking in legal or factual support. *See* Rule 11, Federal Rules of Civil Procedure and 28 U.S.C. ¶ 1927 ("[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

WHEREFORE, Defendant Wahl Clipper Corporation respectfully requests that the Court grant its motion and dismiss Plaintiff's Amended Complaint in its entirety, with prejudice, and award Wahl its costs in having to defend this matter. In further support thereof, Wahl submits the following memorandum of law.

## MOTION TO DISMISS STANDARD

To survive a motion pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff's Amended Complaint must provide "a short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In this regard, Plaintiff's claims must meet the plausibility standard articulated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and further detailed in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This means that a plaintiff's complaint must contain sufficient factual matter, which if accepted as true, would state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

While legal conclusions can be used to provide the framework, "they must be supported by factual allegations." *Id*. at 679. It is well-settled that a "legal conclusion couched as a factual allegation" will not suffice. *Id*. at 678 (citation omitted). Moreover, the tenet that a court must generally accept a plaintiff's allegations as true does not apply to legal conclusions. *Id*. at 678. On the contrary, the Eleventh Circuit has adopted a two-prong functional approach in testing whether a plaintiff has met the *Twombly/Iqbal* standard that rejects such naked assertions or labels.

Specifically, "[i[n considering a motion to dismiss, a court should: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pled factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Thus, a plaintiff has an "obligation to provide the 'grounds' of his 'entitlement to relief'" that "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965.  A "formulaic recitation of the elements of a cause of action" or the "unadorned, the-defendant-unlawfully-harmed-me accusation" will never suffice. *Id*; *Iqbal*, at 678, 129 S.Ct. at 1949.

The Eleventh Circuit has emphasized the importance of only allowing plausible claims to

proceed beyond the pleading stage. *ABB Turbo Systems AG v. Turbousa, Inc.* 774 F.3d 979, 984 (11th Cir. 2014). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (citations omitted), cert. denied, 568 U.S. 1088, 133 S.Ct. 856, 184 L.Ed.2d 656 (2013).

## ARGUMENT

Each Count in Plaintiff's Amended Complaint should be dismissed for a myriad of reasons, any one of which alone is sufficient to warrant dismissal. As a threshold matter, Plaintiff continues to present his claims in a "shotgun" fashion that has been prohibited by the Eleventh Circuit. *See, e.g., Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1320-23 (11th Cir. 2015 (dismissing shotgun pleading); *Cramer v. State of Fla.,* 117 F.3d 1143, 1151 (11th Cir. 1997) (shotgun pleadings are "altogether unacceptable"). Plaintiff's claims also fail to meet the pleading standard required under Federal Rule 8 because, rather than asserting actual facts, he offers *only* conclusions, most of which are premised upon the false premise that he once held or currently holds a federal registration in PET FRIENDLY as a mark. Consequently, the threadbare allegations of the Amended Complaint, to the extent they can be deciphered and attributed to any particular claim, or distinguished from this false premise, fall well short of demonstrating the plausibility of entitlement to the relief he seeks.

## I.    Plaintiff's Complaint should be dismissed as a shotgun pleading.

"A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted). In fact, the Eleventh Circuit has instructed district courts to prohibit shotgun pleadings

as fatally defective. *See, e.g., B.L.E. ex rel. Jefferson v. Georgia*, 335 Fed.Appx. 962, 963 (11th Cir. Oct. 23, 2009) (citations omitted).

A "shotgun pleading" is defined by "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecommunications Inc.*, 146 Fed.Appx. 368, 371 (11th Cir. Aug. 22, 2005), citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129-30 (11th Cir. 2001). Shotgun pleadings are typically characterized by either *factually unsupported claims* or an *inability to discern which allegations of fact are intended to support which claims*. *Id*. (emphasis added). A complaint "containing multiple counts where each count adopts all allegations of all preceding counts" or is "*full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action*" are hallmarks for two of four types of shotgun pleadings expressly prohibited in the Eleventh Circuit. *Tran v. City of Holmes Beach*, 817 Fed.Appx. 911, 913 (11th Cir. July 17, 2020) (emphasis added). "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 Fed.Appx. 952, 955 (11th Cir. May 7, 2019), *quoting Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).

At first blush, the shotgun characteristics of the Amended Complaint may seem subtle, but they are significant. In what was no doubt an effort to avoid the same result as he has already suffered in his other case before this Court,[5] Plaintiff has attempted to avoid the quintessential misstep of *expressly* incorporating each count into every subsequent count. But in effect, the result

---

[5] *See* Wahl's Request for Judicial Notice at Composite Exhibit 2, regarding *Weinacker v. Shaddy*, Case No. 1:22-cv-00028-TFM-MU at Doc. 27, adopting the Honorable Magistrate Judge Bradley Murray's Report and Recommendation at Doc. 20, Section C, and dismissing the case as a shotgun pleading.

is the same. The pleading is devoid of any indication as to which paragraphs are intended to support which claim. This defect in compounded by Plaintiff's failure to describe Wahl's allegedly tortious conduct in any meaningful or distinct way. *See e.g.*, Doc. 22 Count II at ¶ 30 "Defendant's acts" & at ¶ 33 "Defendants [sic] aforesaid conduct"; Count V at ¶ 54 "Defendant's acts described above"; Count VIII at ¶ 64 "By virtue of the egregious and illegal acts of Defendant." Consequently, each count still necessarily incorporates each preceding count.

There appear to claims that are untethered to any cognizable count. For example, Plaintiff refers to counterfeiting no less than 18 times (*see e.g.*, Doc. 22 ¶¶ 1, 3, 39-49) yet this is not and never will be a counterfeiting case.

Moreover, the shotgun manner in which Plaintiff has pled his Amended Complaint serves only to obscure just how misguided Plaintiff's entire theory is. From the pictures Plaintiff pastes in paragraph 2, it is evident that Plaintiff is confusing use of the *phrase* "Pet Friendly" appearing on Wahl's product as a *mark* designating the source of the product, when it is clear this denotes a *characteristic* of the product, not the *source*. (*See* Doc. 22 ¶ 2). Indeed, as is evident from the photo of the same product attached as Exhibit A to Plaintiff's original Complaint (Doc. 1), Wahl's



trademark appears prominently on the product as pasted below, including the ® indicating that this is the registered trademark for the product.

While Plaintiff claims the use of the so-called marks render the products "superficially indistinguishable from genuine PET FRIENDLY products," (Doc. 22 ¶ 2), Plaintiff's own pictures flatly contradict his position. Not only do the marks appear drastically different but the same is true for the products. In effect, Plaintiff's shotgun approach has conflated counterfeiting with infringement.

These defects in the Amended Complaint are either the product of an intentional lack of candor, or confusion, or both. Either way, these circumstances particularly underscore the need for Plaintiff to refrain from pleading in such a vague, unsupported, shotgun manner, and instead meet the pleading standard required by Rule 8.

Because Plaintiff's Amended Complaint fails to comply with the pleading standard required under the Federal Rules of Civil Procedure, it should be dismissed in its entirety.

## II.    Each of Plaintiff's Eight Counts Fails to State a Cause of Action.

### A.    Count I: Trademark Infringement under 15 U.S.C. § 1114 and 1125(a).

In Count I, Plaintiff attempts to assert a claim for trademark infringement under 15 U.S.C. § 1114, separate and apart from his common law claims. (*See* Doc. 22 ¶ 24). However, 15 U.S.C. § 1114 only applies to registered marks. *See* 15 U.S.C. § 1114(1) *et seq.* (outlining a cause of action solely for the "registrant" of a "registered mark."). Notably, "[a] court has no jurisdiction over a claim under 15 U.S.C. § 1114(1) for infringement of a registered mark if the registration has lapsed by the time the suit was filed." 6 McCarthy on Trademarks and Unfair Competition § 32:3 (5th ed.). "Therefore, the owner of a mark that was valid when issued but which has since lapsed has no cause of action under § 1114—not even for infringement that occurred during the

lifetime of the mark." *ZipSleeve, LLC v. West Marine, Inc.*, No. 3:14–cv–01754–SI, 2015 WL 2380990, at *3 (D. Or. May 18, 2015); *see also Gajo v. Chicago Brand*, Case No. 17-cv-00380-EMC, 2017 WL 2473142, at *3 (N.D. Cal. June 8, 2017) ("Because the alleged wrongdoing did not take place until after the trademark was already cancelled, Mr. Gajo has failed to plead viable trademark infringement claims.").

As this Court has already found, Plaintiff does not own any federally-registered marks for PET FRIENDLY.[6] There can be no doubt that Plaintiff knows he does not own a federally registered mark. In fact, as recently as June 18, 2019, Plaintiff *tried* to register PET FRIENDLY but his effort was rejected by the United States Patent and Trademark Office's ("USPTO").[7] In this recent, misguided attempt to belatedly register PET FRIENDLY, Plaintiff expressly disclaimed in his own application any claim "to the exclusive right to use PET FRIENDLY." *Id.* Moreover, in rejecting the application, the USPTO confirmed that the same prior trademark registrations Plaintiff attached to his Complaint as "Exhibit C" (Doc. 1, Ex. C), and covertly relies upon in this case, are "dead." *Id.*

Conspicuously omitting from the Amended Complaint the expired registrations and their numbers that appear in the Complaint, only highlights Plaintiff's lack of candor, which at this point can only be construed as intentional.[8] This Court can nonetheless independently consider and

---

[6] *See* Wahl's Request for Judicial Notice at Composite Exhibit 2, regarding *Weinacker v. Shaddy*, Case No. 1:22-cv-00028-TFM-MU at Doc. 20.

[7] *See* Wahl's Request for Judicial Notice at Composite Exhibit 3, and USPTO official records for Trademark Application Serial Number 88478124.

[8] As previously cautioned in the prior Brief in Support of Motion to Dismiss (Doc. 9-1), and in Wahl's Limited Objection (Doc. 20) to Plaintiff's Motion to Amend, "*Pro se* litigants are not immune from Rule 11" and "[a] *pro se* suit is frivolous where it has no basis in either law or fact." *Dean v. ARA Env't Servs., Inc.*, 124 F.R.D. 224, 227 (N.D. Ga. 1988), aff'd *sub nom. Dean v. K-Mart Corp.*, 890 F.2d 1166 (11th Cir. 1989); *see also* 28 U.S.C. § 1927.

confirm the current status of the federal registrations (which we know from the prior version of the Complaint are 2526388, 2991051, and 2991052, hereafter the "Registrations").  *See Scream, Inc. v K & R of WPB, Inc.*, 2017 WL 64090014, *3 (S.D. Fla. May 9, 2017) ("[T]he Court may consider the USPTO registration, which are matters of public record, maintained by the government, and relied on by [plaintiff] as the basis of [his] allegations, in considering a motion to dismiss."); *see also Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (in ruling on a motion to dismiss, courts consider "the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.") (citations omitted).

Because Plaintiff has no valid, registered mark, any of his claims premised upon a violation of 15 U.S.C. § 1114(1) must be dismissed with prejudice and all references to a registered mark should be stricken.

**B.  Count II: Common Law Trademark Infringement.**

Count II appears to be an effort to assert a claim for trademark infringement under common law.  (*See* Doc. 22 ¶ 29). In order to make a claim of trademark infringement, "a plaintiff must show '(1) that it had trademark rights in the mark or name at issue and (2) that the other party had adopted a mark or name that was the same, or confusingly similar to its mark, such that consumers were likely to confuse the two.'" *Tana v. Dantannna's*, 611 F.3d 767, 773 (11th Cir. 2010), quoting *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 358 (11th Cir. 1997). Therefore, as a threshold issue, Plaintiff must allege that he owns the purported trademark at issue.

Plaintiff fails on the first prong. Indeed, it remains unclear what trademarks under the common law Plaintiff may actually hold, if any. Plaintiff claims to derive his common law rights from having "used the PET FRIENDLY Mark in commerce in connection with Weinacker's

11

products and services, including in connection with Weinacker's patented pet products, since a least as early as 1994…."  (*See* Doc. 22 ¶ 29). However, the Court is not required to accept as true allegations that are not only conclusory and implausible but contradicted by readily ascertainable facts, including Plaintiff's prior filings in this case or others.

Notably, when his company filed for bankruptcy, his wife Teresa Weinacker, acting as company President and writing on behalf of "The Weinackers," specifically notified the Trustee that, as of 2011, "all of the patents and trademarks … owned by the above reference [sic] company have expired and no longer belong to Xena Express, Inc. / Pet Friendly, Inc. because the maintenance fees were neglected to be paid…making them available again for purchase by anyone."[9]

While Plaintiff contends the parties are "in the same industry" (Doc. 22 ¶ 6), he identifies that industry only generally as being "pet products and other goods" (Doc. 22 ¶ 20). The totality of what Plaintiff offers in terms of identifying the products and purported marks at issue is the picture contained in paragraph 2 of the Amended Complaint showing what appears to be pet shampoo. His reference to the 1994 timeline once again clearly reflects that he is relying on the expired and previously abandoned Registrations to fill in the gaps.

But in addition to the Registrations being expired and trademarks expressly abandoned, the classes of goods would have never covered pet shampoo. On the contrary, the Primary NICE Classes for Registrations 2991051, 2991052, and 2526388 were 21, 22 and 25 respectively, which

---

[9] *See* Wahl's Request for Judicial Notice at Exhibit 4, Trustee's Amended Motion for Sanctions against Charles Weinacker from *In Re: Xena Express*, Case No. 09-14817, Doc. 124-2, filed April 4, 2012.

pertained generally to household drinking containers, textiles (pet toys), and branded clothing.[10]

The fact that the prior Registrations for PET FRIENDLY were never held in his name not only negates Plaintiff's claim of exclusive ownership of such a mark, but it actually reflects that the Plaintiff lacks standing to sue under the Lanham Act. *See Scream, Inc.*, 2017 WL 64090014, *3 (S.D. Fla. May 9, 2017) (dismissing claims for lack of subject matter jurisdiction when federal registrations showed a different registered owner without any assignments of record or alleged by plaintiff).

Additionally, while Plaintiff need not have a registration for his mark to show ownership, "only those marks that are capable of distinguishing the owner's goods from those of others, *i.e.*, that are sufficiently "distinctive," are protectable under common law." *Tana*, *supra*, 611 F.3d at 773-74. The four categories of distinctiveness recognized by the Eleventh Circuit are, in ascending order of strength, generic, descriptive, suggestive, or arbitrary and fanciful. *Id*. Plaintiff fails, either by label or otherwise, to describe the distinctiveness of his marks. However, it is beyond dispute that Plaintiff's purported mark is not distinctive.

In this regard, during his recent unsuccessful attempt to register PET FRIENDLY, the USPTO found Plaintiff's so-called mark to be "highly descriptive."[11] In stark contrast to Plaintiff's theory in this case, the USPTO construed "PET FRIENDLY as a phrase that merely describes a characteristic of applicant's goods." *Id.* The USPTO concluded that "PET FRIENDLY" is "commonly used in everyday speech by many different sources" and "does not function as a

---

[10] *See* Wahl's Request for Judicial Notice at Composite Exhibit 1, Registration No. 2991051 Primary Class – 022 "Rope used in making pet toys"; Registration No. 2991052 Primary Class – 021 "Beverage Glassware, Bird Houses, Brushes for Pets, Cages for Pets, Cat Litter Boxes and Pans, Cookie Cutters, Coffee Cups, Cookie Jars"; Registration No. 2526388 Primary Class – 025 "Clothing, Namely, T-Shirts, Shirts, Sweatshirts, Ties, Sweaters, and Hats."

[11] *See* fn. 7 *supra*.

trademark to indicate the source of applicant's goods and to identify and distinguish them from other" but rather conveys an informational message generally referring to "goods and/or services that are provided by or to people with an affection for pets, and also goods and/or services that are suitable/optimal for pets and/or pet owners." *Id.* Finally, Plaintiff himself told the USPTO his use of "PET FRIENDLY" was being used concurrently with the use of "PET FRIENDLY" by others, thus further undercutting the Plaintiff's claim of exclusivity in this case.

Plaintiff likewise fails the second prong. "[T]he likelihood consumers will be misled by the similarity of the parties' marks" is "central" to a claim of trademark infringement." *See ZP No. 314, LLC v. ILM Cap., LLC*, 335 F. Supp. 3d 1242, 1265-66 (S.D. Ala. 2018); *Mobley v. Fermont-Langlais*, 705 Fed. App'x 788, 792 (11th Cir. 2017) (dismissing trademark infringement claim when plaintiff failed to allege facts showing that the marks at issue were "sufficiently associated" with Plaintiff in the public mind that "consumers were likely to be misled into associating them" with Defendants' products). In evaluating this second element of this cause of action, courts in the Eleventh Circuit consider the following seven factors including: (1) type of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (4) similarity of the parties' retail outlets and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion. *See We Care Heating & Air, LLC v. WeCare Pools, LLC*, 2021 WL 4477671, *4 (N.D. Ala. Sept. 30, 2021), *quoting Aronowitz v. Health-Chem Corp.*, 513 F.3d 1229, 1239 (11th Cir. 2008).

The ultimate question is whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way. *Peoplelink LLC v. Birmingham Personnel Service, Inc.* 2015 WL 3966258 *3 (N.D. Alabama June 30, 2015) (internal quotations omitted). Although the likelihood of confusion is frequently a question of fact, it may be decided as a matter of law. *Id.* (granting judgment on the pleadings) and *citing Tana* 611 F.3d at 775 n. 7

(11th Cir. 2010).

Again, the only factual allegation offered by Plaintiff in this regard is the pictures purportedly comparing the products and marks in paragraph 2 of the Amended Complaint (pasted below):



(*See* Doc. 22 ¶ 2). However, what Plaintiff has offered actually contradicts Plaintiff's conclusory allegations about the marks (or products) being nearly identical or likely to cause customer confusion. Far from helping him meet the pleading standard of Rule 8, this actually demonstrates the *lack of similarity* in appearance *and purpose*. Indeed, this picture confirms that the commercial impressions are so different that the claim fails as a matter of law. *Id.*

Critically fatal to Plaintiff's claim, the phrase "Pet Friendly" does not appear on Wahl's product as a trademark at all. Rather, Plaintiff's photograph confirms that Wahl's product proudly and prominently bears Wahl's century-old mark, clearly identifying Wahl as the source of the goods, not Plaintiff. The use of the words "Pet Friendly" plainly serves only to describe the product's characteristic or trait (i.e., the "formula").

Accordingly, not only Plaintiff has failed to state a cause of action for common law trademark infringement, he has demonstrated that such a cause of action does not exist. Count II should be dismissed with prejudice accordingly.

C.    **Count III: Trademark Dilution.**

In Count III, Plaintiff attempts to assert a claim for Trademark Dilution. (*See* Doc. 22 ¶ 37). But here again, he does so in wholly conclusory fashion, with references to "decades" of exclusive use that are belied by the expired Registrations.  "In order to make out a claim for trademark dilution under 15 U.S.C. § 1125(c), a plaintiff must show: (1) it owns a famous mark that is distinctive; (2) the defendant is using its famous mark in commerce that allegedly dilutes the plaintiff's famous mark; (3) the defendant's use of its mark began after the plaintiff's mark became famous; and (4) the defendant's use of its mark is likely to cause dilution by blurring or by tarnishment." *Herman Miller, Inc. v. Belnick, LLC*, 510 F.Supp.3d 1342, 1347 (N.D. Ga. 2021) (citations omitted).  As illustrated above, Plaintiff does not own *any* registered trademarks and has failed to sufficiently plead the existence of a common law trademark. It necessarily follows that Plaintiff has not established the threshold standing requirement that Plaintiff owns a protectable mark capable of being tarnished.  *See* 15 U.S.C. 1125(c) (limiting relief to the "owner" of a famous mark).  But this claim also fails for additional reasons.

For the purposes of a dilution claim, a trademark must be famous and is only considered "famous" if it is "widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." *Platinum Properties Investor Network, Inc. v. Sells*, 2019 WL 2247544, *8 (S.D. Fla. Apr. 11, 2019) (*quoting* 15 U.S.C. § 1125(c)(2)(A)), *report and recommendation adopted*, 2019 WL 3940153 (S.D. Fla. Aug. 21, 2019). A famous mark must be distinctive and "truly prominent and renowned." *Alfa Corp. v. Alfa Mortg. Inc.*, 560 F. Supp. 2d 1166, 1176-77 (M.D. Ala. 2008). Very few marks are truly considered famous. *Id.* Rather, trademark dilution claims are limited to "truly famous marks such as Budweiser beer, Camel cigarettes, and Barbie dolls." *Dahon N. Am., Inc. v. Hon*, No. 2:11–cv–

05835–ODW (JCGx), 2012 WL 1413681, at *9 (C.D. Cal. Apr. 24, 2012) (citing *Bd. of Regents, Univ. of Texas Sys. v. KST Elec., Ltd.*, 550 F. Supp. 2d 657, 679 (W.D. Tex. 2008)) (internal quotation marks omitted).

In light of the conclusions reached by the USPTO in rejecting Plaintiff's recent effort to register his mark, it is evident that Plaintiff's so-called mark is neither distinctive nor famous. The inquiry should end here. However, in evaluating whether Plaintiff has properly alleged his marks are famous, this Court may look to the following factors:

> (i) [t]he duration, extent, and geographic reach of advertising and publicity of the mark, whether advertised or publicized by the owner or their parties[;] (ii) [t]he amount, volume, and geographic extent of sales of goods or services offered under the mark[;] (iii) [t]he extent of actual recognition of the mark[;] [and] (iv) [w]hether the mark was registered....' "

*Id.*, *quoting* 15 U.S.C. § 1125(c)(2)(A)(i)-(iv).

Plaintiff has failed to sufficiently plead that his mark is famous. Indeed, the word "famous" appears nowhere in the pleading. Rather, the extent of Plaintiff's efforts in this regard are limited to the general and purely conclusory averment that his mark is "well-known" and promoted "both in the United States and throughout the world." (Doc. 22 ¶ 36).

Critically absent from Plaintiff's Amended Complaint are any allegations, much less actual facts, speaking to the type of advertising and publicity surrounding his marks (including the duration, extent, and geographic reach of that advertising and publicity), the amount, volume, and geographic extent of sales of goods and services offered under his marks, or the extent of recognition of the marks.

It is well-settled that mere allegations that a mark is "well-known" are conclusory and insufficient to render a dilution claim plausible under *Twombly* and *Iqbal*. *See e.g. Platinum Props. Inv. Network*, 2019 WL 2247544, at *9 (recommending dismissal of dilution claims for failure to

plausibly plead fame) (collecting cases); *Brain Pharma, LLC v. Scalini*, 858 F.Supp.2d 1349, 1356–58 (S.D.Fla. 2012) (dismissing trademark dilution claims because "Plaintiff's mere allegation that the BPI mark is famous is insufficient to state a trademark dilution claim.").

The Amended Complaint also fails to state when Plaintiff's mark allegedly became famous and that Wahl began to use the alleged PET FRIENDLY mark after Plaintiff's alleged mark became famous. Accordingly, this pleading deficiency represents a second grounds for dismissing Plaintiff's trademark dilution claim. *See Brain Pharma, LLC*, 858 F.Supp.2d at 1358.

Finally, the Amended Complaint fails to properly allege dilution by blurring or tarnishment. "Blurring involves a diminution in the uniqueness or individuality of a mark because of its use on unrelated goods.... Tarnishing occurs when a trademark is 'linked to products of shoddy quality, or is portrayed in an unwholesome or unsavory context,' with the result that 'the public will associate the lack of quality or lack of prestige in the defendant's goods with the plaintiff's unrelated goods.'" *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 489 (5th Cir.2004) (quoting *Hormel Foods Corp. v. Jim Henson Prods.*, 73 F.3d 497, 507 (2d Cir.1996)). Plaintiff has yet to establish he has a protectable mark and certainly does not articulate the uniqueness or individuality of his mark. And a misguided reference to merely being named in or settling a class action lawsuit does not amount to tarnishment. (*See e.g.*, Doc. 22 ¶ 52).

Accordingly, and because it is clear Plaintiff will never be able to allege in good faith that his mark is famous, Count III of Plaintiff's Amended Complaint must be dismissed with prejudice.

### D.    Count IV: Contributory/Vicarious Trademark Infringement.

In Count IV, Plaintiff claims Wahl is liable for contributory and vicarious infringement of his marks in violation of 15 U.S.C. § 1051, *et seq.* and Alabama common law. (*See* Doc. 22 ¶ 47). "A claim for contributory trademark infringement [] has two elements: (1) a person or entity

commits direct trademark infringement under the Lanham Act; and (2) the defendant (a) 'intentionally induces' the direct infringer to commit infringement, (b) supplies a 'product' to the direct infringer whom it 'knows' is directly infringing (actual knowledge), or (c) supplies a 'product' to the direct infringer whom it 'has reason to know' is directly infringing (constructive knowledge)." *Luxottica Group, S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312 (11th Cir. 2019), *citing Inwood Laboratories, Inc.*, 456 U.S. at 854, 102 S.Ct. at 2188.

Because, as established above, Plaintiff has failed to sufficiently state a cause of action for trademark infringement, he obviously has not satisfied the first element of a claim for contributory trademark infringement. As for the second element, Plaintiff fails to identify the direct infringers Wahl has supposedly induced. Rather, Plaintiff offers only repeated, nebulous references to "Counterfeiting Websites". Notably, this is *not* (and never will be) a counterfeiting case. Indeed, Plaintiff cannot assert a claim for counterfeiting under the Lanham Act because, as established, he does not hold a valid registration.[12]

Consequently, Plaintiff has not adequately pled a cause of action for contributory or vicarious infringement and, to be sure cannot under these circumstances, and therefore Count IV should be dismissed with prejudice.

### E.  Count V: Reputational Damage.

Plaintiff's effort to assert a cause of action in Count V for "Reputational Damage" appears to be essentially the same claim he attempts to assert in Count III claiming Trademark Dilution and/or Count II. (*See* Doc. 22 ¶¶ 50-54). And like Count III, Count V suffers from the same defects and is similarly rendered fatally defective from the Plaintiff's reliance on conclusory statements

---

[12] A "counterfeit" is a spurious mark which is identical with, or substantially indistinguishable from, <u>a registered</u> mark.  15 U.S.C. 1127 (emphasis added).

rather than actual facts. Accordingly, Count V fails to state a cause of action for the same reasons that Count III and Count II fail. Count V should therefore also be dismissed, also with prejudice.

### F.  Count VI: Copyright Infringement.

In Count VI, it appears that Plaintiff is attempting to convert his trademark claims into stating a cause of action for copyright infringement under "the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*)." (*See* Doc. 22 ¶ 55). Indeed, Plaintiff makes no meaningful distinction between Wahl's alleged use of PET FRIENDLY in constituting trademark infringement and that which allegedly constitutes copyright infringement.  But more immediately, on its face Count VI fails to state a cause of action under 17 U.S.C. §§ 106 & 501. Having a registered copyright is a precondition to filing suit for copyright infringement. *Fourth Estate Public Benefit Corp.* v. Wall-Street.com, LLC, 856 F.3d 1338, 1339 (11th Cir. 2017), *aff'd*, — U.S. —, 139 S.Ct. 881, 203 L.Ed.2d 147 (2019). More specifically, in order to state (and establish) a claim for copyright infringement, a copyright plaintiff must allege/establish: (1) ownership of a valid copyright; and (2) that the defendant(s) copied constituent elements of the copyrighted work that are original. *Calhoun v. Lillenas Publishing*, 298 F.3d 1228, 1232 (11th Cir. 2002), *cert. denied*, 539 U.S. 903, 123 S.Ct. 2251, 156 L.Ed.2d 111 (2003).

While Plaintiff generally alleges that he "is the exclusive owner of PET FRIENDLY Copyrights and has exclusive rights under the Copyright Act of 1976" (Doc. 22, ¶ 55), he fails to allege that he is the owner of a valid copyright *registration*. Consequently, Wahl (and the Court) have no way of determining what protected works Plaintiff claims have been infringed. Notably, words and short phrases such as titles and slogans (as well as typeface) are examples of work *not*

*subject* to copyright. *See* 20 C.F.R. § 202.1(a) & (e).[13]

Count VI fails to state a cause of action for copyright infringement under 17 U.S.C. §§ 106 & 501. It is clear from the circumstances, and the fact that he has now had two opportunities to do so (in addition to his attempts to do so in his other case), that Plaintiff cannot state a cause of action for copyright infringement based on the use of the phrase "Pet Friendly." Accordingly, Count VI should be dismissed with prejudice.

### G. Count VII: False Designation of Origin and Unfair Competition.

In Count VII, Plaintiff contends Wahl is liable for False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a). (*See* Doc. 22 ¶ 62). To establish a prima facie case under § 1125(a), "a plaintiff must show (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of it such that consumers were likely to confuse the two." *Custom Mfg. and Engineering, Inc. v. Midway Services, Inc.*, 508 F3d 641, 647 (11 Cir. 2007) (internal quotations omitted).

As previously articulated above, *see* Sections II., A & B *supra*, Plaintiff has failed to state a claim for trademark infringement (under 15 U.S.C. § 1114(a) or under common law). For the same reasons, Plaintiff fails to adequately plead the first element of the claims that are the subject of Count VII. Consequently, Count VII of Plaintiff's Amended Complaint also fails to state a cause of action and should be dismissed similarly with prejudice.

### H.    Count VIII:  Unjust Enrichment.

As his final count, Plaintiff attempts to assert a cause of action in Count VIII for Unjust Enrichment. (*See* Doc. 22 ¶¶63-64). This two-paragraph count is similarly fatally defective. In

---

[13] In omitting from his Amended Complaint the registrations he previously attached to his Complaint (Doc. 1) as Exhibits "J" and "K," Plaintiff effectively concedes that he lacks any registration that would be applicable to Wahl's use of the phrase "Pet Friendly."

order to adequately plead a cause of action for Unjust Enrichment, Plaintiff "must allege: (1) benefits conferred on defendant by plaintiff, (2) appreciation of such benefits by defendant, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value." *Crawford's Auto Ctr., Inc. v. State Farm Mut. Auto. Ins. Co.*, 945 F.3d 1150, 1157, 1161–62 (11th Cir. 2019) (affirming dismissal of unjust enrichment claim because plaintiffs failed to alleged they had conferred a benefit upon defendants). As a threshold matter, Plaintiff is not claiming that *he* bestowed a benefit on Wahl. Rather, Plaintiff contends that the alleged benefit Wahl has obtained is derived from the alleged trademark infringement.

In the context of alleged trademark infringement, the Eleventh Circuit has determined "that an accounting of a defendant's profits is appropriate where: (1) the defendant's conduct was willful and deliberate, (2) the defendant was unjustly enriched, or (3) it is necessary to deter future conduct." *Optimum Technologies, Inc. v. Home Depot U.S.A., Inc.*, 217 Fed.Appx. 899, 903 (11th Cir. February 14, 2007). Thus, under either approach, Plaintiff must allege that Wahl's retention of the benefit would somehow be unjust. In the absence of a viable claim for trademark infringement, Plaintiff has not made, and indeed cannot make, that showing. Plaintiff has therefore failed to state a cause of action for Unjust Enrichment and Count VIII should be dismissed as well, and likewise with prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed in its entirety. Furthermore, due to the frivolous nature of Plaintiff's Amended Complaint, Defendant requests that its costs and attorneys' fees be taxed against Plaintiff.

Respectfully submitted,

*s/ Todd D. Engelhardt*
TODD D. ENGELHARDT
Alabama Bar No. 8939-T67D
ADAMS AND REESE LLP
1901 Sixth Avenue North Suite 3000
Birmingham, Alabama 35203
(205) 250-5000 (phone)
(205) 250-5034 (facsimile)
todd.engelhardt@arlaw.com

Eric J. Partlow
Admitted *Pro Hac Vice*
Florida Bar No. 556531
ADAMS AND REESE LLP
100 N. Tampa Street, Suite 4000
Tampa, Florida 33602
(813) 402-2880 (phone)
(813) 402-2887 (facsimile)
Eric.partlow@arlaw.com

*Attorneys for Wahl Clipper Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification to all attorneys of record and parties set up to receive electronic filing submissions. I further certify that I have mailed a copy by USPS to:

Charles Weinacker
21520 County Road 68 N
Robertsdale, AL 36567

*/s/ Todd D. Engelhardt*
OF COUNSEL